[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in the above captioned matter has filed a motion to dismiss that portion of the complaint which deals with custody of the minor child.
In his memorandum of law, the defendant alleges that this court lacks subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA) and/or the Hague Convention on the Civil Aspects of International Child Abduction.
This child was born on September 16, 1989 in Danbury, Connecticut. On December 2, 1991, the child became a Canadian citizen.
The husband testified that in mid-July, 1991, he moved to Canada and took the child with him with the wife's permission. In addition, she delivered all of the child's personal effects to Canada. In August, 1991, she went to Canada, visited for one week. She never indicated that she wished to have the child returned to her. On Thanksgiving she returned again to visit the child and stayed for a few days. All of the child's medical history was sent by the mother to the father. Again, she never mentioned that the child be returned to her. She did, however, ask for the CT Page 6268 child to visit her in this country during the Christmas vacation. She agreed that the son would be returned on December 26, 1991. The husband readily agreed. On December 23, 1991 the husband called the wife in order to make arrangements for the return of the child to Canada and the wife hung up on him.
On December 11, 1991 the defendant submitted an application for an ex parte order of custody in the court of Queen's Bench, New Brunswick, Canada. Plaintiff did not personally appear at the hearing which was held on February 20, 1992. An attorney, however, did represent her. The Canadian court granted custody to the father. The mother then commenced an action for dissolution in the court requesting, inter alia, an order for custody pendente lite. This motion was then presented by the defendant.
The wife paints a different scenario as to the reason the child was permitted to return to Canada with the father. She claims that the move was never intended to be permanent. That it was understood that the reason the move was made was because of her school. Further, certain conditions were imposed, none of which the husband followed. Her parents were not permitted frequent visitation, the husband started drinking again and was not spending as much time with the child as was originally contemplated by the parties. Her main thrust, however, is that the move was temporary and that the child has been since birth a resident and domiciliary of the State of Connecticut.
The defendant urges this court to decline to act in this matter since the child has his closest connection in another jurisdiction where significant evidence concerning the child's care, protection, training and personal relationships is most readily available.
He further argues that none of the jurisdiction requirements of Connecticut General Statutes, Sec. 46b-93 have been met which would permit Connecticut to exercise jurisdiction. Finally, he argues that even if the tests were met, it should still decline to exercise its jurisdiction because it is an inconvenient forum pursuant to Connecticut General Statutes, Sec. 46b-97.
This court is faced now with a situation where if it were to assume jurisdiction, the wife would be in violation of a Canadian court order if she were for any reason to return to Canada. This court however, cannot shy away from its responsibility in deciding this matter on the facts presented and the law under which it must render its CT Page 6269 decision.
The court finds that the child was and always has been a resident of Connecticut. That the "home state" rule has been met. Further, there is no compelling evidence presented to indicate that this would be an inconvenient forum. This court has had the opportunity to hear both parties testify and concludes that the mother never intended that the child be considered a resident of Canada when she consented to the child going with the father in mid-July, 1991. The child, therefore, could not be considered a "habitual resident" under the definition of the Family Service Act (New Brunswick).
The motion to dismiss is denied
Mihalakos, J.